UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTIAN BENNETT and ) <br> OLIVIA J. COOLEY ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> HARTE FAMILY MOTORS, INC. ) <br>     Defendant ) <br> ) | CIVIL ACTION NO. <br><br><br><br> TRIAL BY JURY DEMANDED <br><br> JUNE 20, 2017 |

COMPLAINT

I. INTRODUCTION

1. This is a suit brought by two consumers under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, against a car dealership. Plaintiffs also assert pendent state law claims against the defendant for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.,* for civil theft under Conn. Gen. Stat. § 52-564, and for forgery pursuant to Conn. Gen. Stat. § 52-565. Plaintiffs bring this action to recover actual, statutory, and punitive damages, reasonable attorney's fees, and costs from the defendant Harte Family Motors, Inc.

II. PARTIES

2. Plaintiff Christian Bennett ("Bennett") is an individual and a consumer residing in Stamford, Connecticut.

3. Plaintiff Olivia J. Cooley ("Cooley") is an individual and a consumer residing in Stamford, Connecticut.

4. Defendant, Harte Family Motors, Inc. ("Harte"), is a Connecticut corporation that operates a motor vehicle dealership in Meriden, Connecticut.

## III. JURISDICTION

5. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. This court has jurisdiction over Harte because it is organized under the laws of the state of Connecticut and regularly conducts business in this state.

7. Venue in this court is proper because the Plaintiffs reside in Connecticut and the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

7. On or about July 30, 2016, Cooley was involved in an automobile accident with a 2013 Nissan Altima that she had owned and which she had purchased from Harte, and the vehicle was declared a total loss (the "Totaled Nissan").

8. On or about August 20, 2016, Bennett and Cooley returned to Harte to purchase another vehicle, and they selected a used 2013 Nissan Altima (the "Vehicle").

9. Plaintiffs paid a down payment of $1,000 to Harte for the Vehicle.

10. Harte prepared a Retail Installment Contract (the "Contract") that listed a cash down payment of $2,800, and an amount financed of $14,821.65.

11. Unbeknownst to Plaintiffs, and without their knowledge or consent, Harte cancelled the extended service contract that Cooley had purchased on the Totaled Nissan.

12. On information and belief, Harte forged Cooley's signature on a form requesting the cancellation.

13. After Plaintiffs signed the Contract, Harte's finance manager, Carl, told Plaintiffs that he had applied $1,800 from the cancellation of the service contract for the Totaled Nissan towards the down payment for the purchase of the Vehicle.

14. The balance that Plaintiffs owed for the Totaled Nissan exceeded the value of the Totaled Nissan, and a GAP Addendum that Plaintiffs had purchased provided that the account holder would accept the insurance proceeds in full settlement of the claim.

15. The GAP Addendum also provided that any refund from the service contract would be applied to reduce the account balance.

16. Because Harte Nissan cancelled the service contract, the value of that refund to Plaintiffs, which was approximately $2,224, was not utilized to pay down the account balance owed on the Totaled Nissan, and the GAP Addendum did not apply to that amount, resulting in a claim by the account holder for the Plaintiffs to pay that amount.

17. The amount received by Harte by misappropriating the refund was only $1,020 due to the need for Harte to return commissions that it had made in the sale of the Totaled Vehicle.

18. Harte did not pay over to the finance company the difference between the $2,224 that was refundable to Plaintiffs and the $1,800 that it had ostensibly applied to the purchase of the Vehicle until approximately six months later, after Plaintiffs had suffered significant harm to their credit due to the failure of the GAP Addendum to pay the balance claimed by the account holder on the Totaled Vehicle and following explicit demand by Plaintiffs.

## V.  CAUSES OF ACTION

### A.  TRUTH IN LENDING ACT

19. Harte violated TILA in connection with the Contract by listing a down payment of $2,800 on the Contract even though Plaintiffs had paid only $1,000 and had not agreed to any assignment of the refund for the service contract for the Totaled Vehicle.

20. Harte further violated TILA by not accurately itemizing the amount financed.  Specifically, there was no $1,800 credit received by Harte.

21. For its violation of TILA, Harte is liable to Plaintiffs for statutory damages of $2,000 plus their actual damages, and a reasonable attorney's fee pursuant to 15 U.S.C. § 1640.

### B.  MISAPPROPRIATION / CIVIL THEFT

22. Harte committed larceny by misappropriating the refund from the wrongful cancellation of the service contract on the Totaled Vehicle.

23. Harte is labile to Plaintiffs for triple their damages plus common law punitive damages.

24. Alternatively, Harte misappropriated the refund and is liable to Plaintiffs for the amount misappropriated.

### C.  CONNECTICUT UNFAIR TRADE PRACTICES ACT

25. Harte's actions, as alleged above, constitute unfair and deceptive acts and practices in violation of CUTPA.

26. Harte has violated CUTPA in the following ways:

    a.    Its violations of TILA; and

    b.    It cancelled the service contract on the Totaled Vehicle without Cooley's knowledge or consent;

    **c.**    It misappropriated the funds received from the cancellation of the service contract on the Totaled Vehicle; and

    **d.**    It wrongfully withheld the refund that it had taken without consent.

27.    As a result of the conduct of the defendant, Plaintiffs have suffered an ascertainable loss because they did not receive the full benefit of the refund of the service contract.  Plaintiff Cooley also suffered an ascertainable loss because the balance owed on the Totaled Vehicle was not fully satisfied due to the GAP coverage, and she suffered credit harm.

28.    For Harte's CUTPA violations, Plaintiffs are entitled to damages, and in the discretion of the Court, punitive damages and attorney's fees and costs.

### D.  CIVIL FORGERY

29.    Harte submitted a cancellation request for the service contract without Plaintiff's knowledge or consent.

30.    On information and belief, Harte forged Plaintiff's signature on the cancellation form.

31.    Harte is liable to Plaintiff for double damages plus common law punitive damages pursuant to Conn. Gen. Stat. § 52-565.

WHEREFORE, Plaintiffs claim actual damages, statutory damages of $2,000 under TILA, statutory and common law punitive damages, triple damages for civil theft, double damages for forgery, and attorney's fees and costs.

                                  PLAINTIFFS, CHRISTIAN BENNETT AND
                                  OLIVIA J. COOLEY

By: */s/ Daniel S. Blinn*
     Daniel S. Blinn (ct02188)
     Consumer Law Group, LLC
     35 Cold Spring Rd. Suite 512
     Rocky Hill, CT  06067
     Tel. (860) 571-0408
     Fax. (860) 571-7457
     dblinn@consumerlawgroup.com